WEIGUANG YU, Petitioner,

v.

Eric H. HOLDER, Jr., United States Attorney General, Respondent.

No. 11–899.

United States Court of Appeals, Second Circuit.

Aug. 9, 2012.

Ning Ye, Flushing, N.Y., for Petitioner.

Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: JON O. NEWMAN, ROBERT A. KATZMANN, CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Weiguang Yu, a native and citizen of the People's Republic of China, seeks review of a January 31, 2011 order of the BIA affirming the April 6, 2009 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weiguang Yu*, No. A088–379–717 (B.I.A. Jan. 31, 2011), *aff'g* No. A088–379–717 (Immig. Ct. N.Y. City Apr. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir.2009).

The IJ and BIA did not err in concluding that, under 8 U.S.C. § 1101(a)(42), Yu, as the spouse of an individual subjected to coercive abortions, was not per se eligible for asylum. *See also Shi Liang Lin v. U.S. Department of Justice*, 494 F.3d 296, 309 (2d Cir.2007) (en banc). Instead, Yu was required to demonstrate persecution or a well-founded fear of persecution based on his "other resistance" to the family planning policy. *See id.* at 309–10. Yu conceded at his merits hearing that he did not engage in any such "other resistance," and he is bound by this concession. *See Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir.2009).

The agency also did not err in finding that Yu failed to establish a well-founded fear of future persecution based on his fear of forced sterilization and economic persecution in the event that he has more than one child in the future. Yu admitted at his hearing that he was not in violation of the family planning policy, and "[i]n the absence of solid support in the record" for

such a fear, that fear is "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142–43 (2d Cir.2008). Accordingly, because the agency did not err in finding that Yu failed to demonstrate either past persecution or a well-founded fear of persecution, it reasonably denied his requests for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Yu does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.